**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**WDNC Civil Action No. 3:18-cv-238**

ARMSTRONG TRANSPORT GROUP, INC.

                 Plaintiff,

    v.

BAXTER BAILEY & ASSOCIATES, INC. and
PG SPECIALIZED CARRIERS, LLC

                 Defendants.

**STIPULATED PROTECTIVE ORDER**
**AND CONFIDENTIALITY AGREEMENT**

IT IS HEREBY STIPULATED by and between plaintiff Armstrong Transport Group, Inc. ("Plaintiff") and defendants Baxter Bailey & Associates, Inc. ("Baxter Bailey") and PG Specialized Carriers, LLC ("PGS") (collectively, "Defendants"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Plaintiff and/or other confidential information of Defendants, and third parties whose information may be disclosed during the discovery process.

THEREFORE, this Court orders as follows:

1.      Certain documents, materials, and information to be produced by the parties during discovery in the above-captioned litigation ("Litigation" or "Action") may be designated as "Confidential Information" as defined in Paragraph 2. Except as otherwise indicated below, all

Confidential Information shall be considered protected and given confidential treatment as described below. The requirements of this Order shall apply to any Confidential Information produced in this Action before entry of this Order as well as to designations made after entry of this Order.

2. "Confidential Information," as used in this Protective Order, pertains to information of any type, kind, or character, that is designated as Confidential by the producing or receiving parties, including any third party(ies) ("Designating Party" or "Designating Parties"), whether it be a document, information contained in a document, compilation of information, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. Confidential Information shall only include information that the Designating Party believes to be of a sensitive nature, which, if disclosed, would reveal technical, strategic, financial, competitive, private and/or other information not readily ascertainable, through proper means, by the public. A Designating Party will make only such designation as to that information that it in good faith believes contains Confidential Information.

3. Except as otherwise provided herein or by further order of the Court, Confidential Information shall be disclosed to only:

a. Any named party in this Action, including its directors, officers, employees, in-house counsel, insurers, reinsurers, reinsurer intermediaries;

b. Any other person or entity to whom/which any party is statutorily obligated to produce such Confidential Information;

c. Counsel for any party in this Action and attorneys, paralegals, and secretarial, clerical, and other support personnel employed by said counsel's firm when operating under said counsel's supervision and control;

d.      Personnel providing graphics, design, photocopy, document imaging, document processing, translation, and/or database services to the parties' counsel;

e.      Any directors, officers, and employees or former employees of the parties, who are assisting, or otherwise involved, in the prosecution or defense of this Action;

f.      Judges and court personnel of the United States District Court for the Western District of North Carolina; certified court reporters, stenographic reporters, and video technicians; and the jury in this Action;

g.      Mediators engaged by the parties or the Court to assist in this Litigation;

h.      Such persons as are engaged by a party or counsel to act as consultants and testifying or consulting experts in this Action (including their respective employees, associates, and/or support staff); provided, however, that before any such consultant or expert is shown or receives any Confidential Information, s/he must (i) be shown a copy of the Protective Order; and (ii) agree to be bound by it;

i.      Actual or potential witnesses and/or deponents (including their attorneys) to whom counsel for the party(ies) presenting the witness, in good faith, believe disclosure is required to assist them in preparation for the conduct of this Litigation, provided that individuals who are not parties to this Action and who are not retained as experts or consultants with respect to this Action shall not retain Confidential Information provided to them pursuant to this Paragraph;

j.      Non-Parties to whom Confidential Information must be produced subject to a subpoena, court order or other legal process in accordance with paragraph 14 below, in which event, the disclosing party will make the contents of this Protective

Order known to such person and will further require that any such person must (i) be shown a copy of the Protective Order; and (ii) agree to be bound by it.

4. Confidential Information shall be disclosed to the persons enumerated in Paragraph 3 only for use relating to the claims in this Action, including but not limited to, the preparation for and the trial of the claims in this Action.

5. Non-Party Materials. Non-parties from whom documents and testimony are sought shall be entitled to designate materials as CONFIDENTIAL in accordance with this Order. Furthermore, in order to give the parties to the Case adequate opportunity to designate the parties' respective Protected Material received from the non-parties, all documents and materials produced by a non-party shall be treated as follows:

a. All materials produced by the non-party shall be treated as Protected Material for a period of fifteen (15) days from the receipt by all parties of the production;

b. At any time on or before the fifteenth day from receipt of the production, any party to the Case may specifically designate materials produced by the non-party as CONFIDENTIAL. A party who so designates the non-party materials must promptly notify in writing all other parties to the Case of such designation and must promptly include a copy of the non-party materials, properly marked with such notification. Once non-party materials have been specifically designated as CONFIDENTIAL pursuant to this Section, the remaining provisions of this Order concerning use and restrictions on such Protected Material shall apply; and

c. Any materials produced by a non-party that have not been specifically designated as CONFIDENTIAL by the non-party itself or by a party within the fifteen-day period will

lose their temporary status as Protected Material and will have no designation, subject to the provisions of Section 15 of this Order.

6. Nothing in this Protective Order shall preclude a Party from using Confidential Information in any appeals of this action. To the extent a Party wishes to protect Confidential Information in an appellate court, it shall make the appropriate application to that court. No Party shall use Confidential Information in any appeals until 30 days after the filing of a notice of appeal, motion for leave to appeal or other document initiating such appeal

7. Counsel for the Designating Party shall designate information as confidential by affixing on each page thereof a stamp or label marked "Confidential-Subject to Protective Order" or "Confidential Information" or "Confidential" or by notifying the other parties in writing that the materials so designated shall be deemed confidential. Upon the designation of any material as Confidential Information, all originals, copies, reproductions, and duplications of such material shall be subject to the provisions of this Protective Order.

8. Any party or third party may designate as Confidential Information all or portions of transcripts of depositions, or exhibits thereto, containing information deemed confidential, by making such designation either at the deposition itself or upon examination of a transcript of such deposition and notice to all parties. The transcripts of any such deposition or exhibit shall be marked by the court reporter as "Confidential-Subject to Protective Order" or "Confidential Information" or "Confidential" if notice of such confidentiality is provided to the court reporter before the transcript is generated. If a party or third party wishes to designate as Confidential Information all or portions of a deposition transcript, or exhibits thereto, after the deposition has taken place, such party or third party must provide written notice to all parties of the specific pages and lines of the transcript which should be treated as Confidential Information.

9.	In the event that a party receiving Confidential Information (the "Receiving Party") intends to file or submit to the Court any pleading or other paper disclosing Confidential Information, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs, or other documents, the Receiving Party shall simultaneously file a motion for leave of Court to file such document(s) under seal and then file such documents under seal.  If leave is granted, the Clerk is directed to maintain any such submitted documents under seal, to be made available only to the Court and to counsel in these proceedings. In the event that the Court will not grant leave to file under seal, the filing party retains the right to file the pertinent document(s) as is, and not under seal. This provision shall not apply if the only Confidential Information submitted or filed consists of insurance policies or insurance policy language.

10.	Under no circumstances shall information or materials covered by this Order be disclosed to anyone other than those persons set forth in Paragraph 3. At the conclusion of the proceedings in this Action and any appeal thereof, all Confidential Information subject to this Order, except to the extent that the parties agree otherwise, shall be: (a) at the request of the Designating Party, returned to the Designating Party; or (b) maintained in the Receiving Party's files as confidential in accordance with the terms of this Order; or (c) destroyed with a written confirmation to the Designating Party that such materials have been destroyed if such certification is requested by the Designating Party.

11.	If a party becomes aware that it has inadvertently or unintentionally disclosed Confidential Information to any person or in any circumstance not authorized by this Order, such party shall immediately:  (a) notify in writing the Designating Party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the Confidential Information; (c) provide a copy of

this Protective Order to the recipient(s) of the unauthorized disclosure; and (d) obtain agreement from the recipient that s/he is bound by the Protective Order.

12.     At any time after receipt of documents or information designated as Confidential Information, counsel for the Receiving Party may challenge the confidential designation of such material (or portion of such material) by providing to counsel for the Designating Party a written notice of such challenge identifying each document, transcript, or item of information challenged. Counsel shall meet and confer in an attempt to resolve any dispute concerning the confidential designation of such material. If no agreement can be reached, counsel for the Receiving Party must present the request in writing to the Court, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The Designating Party shall have an adequate opportunity to respond. The disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. In any such dispute brought before the Court, the Designating Party shall bear the burden of proof as to its designation of documents or information as "Confidential." In no case shall any party be permitted to file a disputed document as a matter of public record before the Court has issued its ruling.

13.     This Order is subject to revocation or modification by order of the Court based upon (a) written stipulation of the parties, or (b) motion and reasonable notice.

14.     In the event that the Receiving Party (a) is served with a subpoena or other legal process in another action, or (b) is served with a request or a demand in another action to which it is a party, or (c) is served with a request or a demand or any other legal process by one not a party to this case concerning documents subject to the Order, the Receiving Party shall give written notice of such event to all parties and provide a copy to all parties of such request or subpoena as

soon as practicable after receipt of such request or subpoena so that the parties have an opportunity to object prior to the production of the Confidential Information. The Receiving Party shall also provide the issuer of the subpoena or other request with a copy of this Protective Order. Confidential Information shall not be produced except pursuant to a court order or administrative ruling. The Receiving Party shall cooperate to the extent necessary to enforce the terms of this Order, although in the event that the party is obligated by a court or administrative ruling to disclose the Confidential Information, compliance with such order shall not be a violation of this Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring the production of Confidential Information, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from this Court with respect to such production. The Designating Party shall bear the burden and expense of seeking protection of its Confidential Information to the extent it wishes to do so pursuant to this Section of the Protective Order.

15.     The inadvertent or unintentional disclosure by a producing party of information that it believes is "Confidential Information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of any party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party later asserting a claim of confidentiality informs the other parties of its claim in writing within a reasonable time after learning of the disclosure. Information inadvertently or unintentionally disclosed without designation or designated late may be designated from the date written notice of the designation is provided to the Receiving Party, and the application of obligations and restrictions hereunder apply

only after such designation. If any party objects to such a belated designation, that party's challenge shall be governed by Paragraph 12 hereof.

16.     This Order shall not restrict the right of any Designating Party to publish, disseminate, or otherwise use or release any Confidential Information that he, she, or it produced or designated.

17.     Neither the provisions of this Order nor any designation or failure to designate any document as Confidential Information hereunder shall constitute a waiver of any party's assertion of confidentiality with respect to any other document covered or not covered by this Order.

18.     Notwithstanding any other provision of this Order, at any time, all of the parties in this Action may, by written agreement, designate documents as Confidential Information subject to the protections herein.

19.     This Order and the agreements embodied herein shall survive the termination of this Action whether by dismissal, final judgment, completion of appeal, settlement or otherwise, and shall continue in full force and effect thereafter. The Court will retain jurisdiction after the termination of this Action to enforce the terms of this Order.

20.     Production of documents in response to discovery requests in this Litigation, which documents relate to underlying or potential underlying claims by third parties against Plaintiff, shall not constitute a waiver of any claim of privilege or confidentiality in any litigation or alternative dispute resolution procedure with third-party claimants that is pending or may be filed in the future.

21.     Nothing contained within this Order shall be construed as a concession by any party of the relevance or lack of relevance of any information or documents or as a concession regarding the alleged privileged nature of any information or documents; nor shall this Order be construed

to require a party to produce information or documents that it contends to be privileged, or to prevent a party from discovering documents or other information. Nothing contained in this Protective Order shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidential matter.

22.     Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection or is entitled to a more limited form of protection than designated.

23.     The parties reserve the right to petition the Court for modification of this Protective Order at any time, and the entry of this Order shall not constitute a waiver of any party's right to seek such modification of any or all terms of the Protective Order and/or any supplemental protective order(s) that may be entered hereafter.


Graham C. Mullen
United States District Judge